The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE STARBUCKS CONSUMER LITIGATION

MASTER CASE NO. C11-1985MJP

NOTE ON MOTION CALENDAR:
March 22, 2013

**LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP)

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## I. INTRODUCTION

Class counsel negotiated a settlement with Starbucks as described and submitted earlier (Motion for Preliminary Approval, ECF No. 54) and the Court has granted preliminary approval. 12/18/12 Order, ECF No. 55. In advance of the date for objections to the proposed settlement, Lead Class Counsel submits this motion for award of fees and costs. The fees and costs sought are consistent with the 25 percent figure described to the Court and to the Class in the Motion for Preliminary Approval papers and in the Notice to the Class. The Notice to the Class regarding the proposed settlement informed the Class that the fee request would be no more than 25% of the common fund settlement amount. *See* ECF No. 54, Ex. C (Notice Plan) at 8. The Settlement Agreement, also posted on the settlement notice website also clearly identifies the 25% figure. *Id.*, App. 1 (Stip. and Settlement Agreement) at 16.[1] A lodestar cross-check built on Seattle area attorney hourly rates confirms that a fee request of 25% is entirely reasonable. Because work remains to finalize approval, counsel requests approval of a fee award at this time of 25%. Barring extraordinary objection issues or appeal, this should be the final fee request.

As set forth below, Lead Class Counsel's request for attorneys' fees and costs is well-justified in both law and fact. The request is supported by the percentage method and is also extremely reasonable when cross-checked by the lodestar method of calculating fees, because it represents only a 1.19 multiplier of the lodestar amount for work performed to date in this case, which does not yet include review of objections, monitoring of claim processing or final approval. Furthermore, the request is justified because of the novel and unique theory advanced by Class Counsel, which resulted in a settlement which will provide all Class members with the right to substantial monetary relief. Indeed, Class Counsel has reached an extraordinary settlement, equal to approximately 100% of the Class' damages. This result was no accident; it was the result of highly experienced class action counsel working for the class. Small dollar damages cases fall by the way if

---

[1] The website links to the Settlement Agreement at
http://globalassets.starbucks.com/assets/6956d71c36ba42509f27279e314b68ea.pdf

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 1

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

consumers have no efficient vehicle to present their claims. This is true also when claims are aggregated. Lawyers acting on behalf of a class should be incented to seek recovery even when aggregate damages are not immense.

Declarations of Leviton, Urmy, Shah and Tondini supporting the fee request are submitted herewith.

## II. DISCUSSION

### A. Class Counsel's Request for an Award of Attorneys' Fees and Costs Using the Percentage Method Is Well-Supported by Ninth-Circuit Law.

In order to determine the appropriate attorney fee award in the context of a class action settlement, the Ninth Circuit recognizes that district courts have the "discretion to use either a percentage or lodestar method." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) ("*WPPSS*")). The Ninth Circuit has further held that when state substantive law applies, attorneys' fees are to be awarded in accordance with state law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1325 (W.D. Wash. 2009).

Similar to the Ninth Circuit, Washington law recognizes both the lodestar method and the percentage method for determining the appropriate attorneys' fee. *See Bowles v. Wash. Dep't of Ret. Sys.*, 847 P.2d 440, 450-51 (1993). Where the settlement results in a shared pool of money to be distributed among the class and the attorneys—also known as a "common fund" case—Washington law generally favors the percentage method in calculating fees. *See Vizcaino*, 290 F.3d at 1047; *see also Bowles*, 847 P.2d at 451 ("This being a common fund case, we apply the percentage of recovery approach.").

Under Washington law, the benchmark award in common fund cases is 25% of the recovery obtained, with 20-30% as the usual range. *See Bowles*, 847 P.2d at 450-51. Washington courts also look to federal law for guidance in the area of attorneys' fees. *Id.* Ninth Circuit jurisprudence echoes Washington law, setting the general benchmark award of 25% in common fund cases. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). However, "[t]he 25%

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. Specifically, "[t]he benchmark percentage should be adjusted … when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). For instance, several district courts have issued fees in the range of 30-50% of the common fund. A common thread running through these cases is that they involved relatively smaller funds of less than $10 million. Thus, where the recovery is more modest, the fee percentage tends to be higher on a proportionate basis because of the larger ratio of hours to the amount of recovery. *See In re Shell Oil Refinery*, 155 F.R.D. 552, 573 (E.D. La. 1993) (citing 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 14.03 (3rd ed. Dec. 1992)). The Ninth Circuit has also set forth a non-exhaustive list of factors which may be relevant to a district court's determination of the percentage ultimately awarded: (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *See Vizcaino*, 290 F.3d at 1048-50. Other district courts within the Ninth Circuit have examined the experience of class counsel, the effort expended by class counsel, and the reaction of the class. *See In re Heritage Bond Litig.*, 2005 WL 1594389, Case Nos. 02-ML-1475-DT (RCX), et al. at *8 (C.D. Cal. June 10, 2005) (citations omitted). In the instant case, an examination of these factors coupled with the cases mentioned above that departed upward from the 25% benchmark reveals that Class Counsel's request for a 25% award is well justified.[2]

---

[2] The following cases demonstrate that district courts do depart upward from the 25% benchmark where the settlement amount is below $10 million. *See*, *e.g.*, *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 150 (E.D. Pa. 2000) (awarding one-third of a $7.3 million common fund); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 499 (D.D.C. 1981) (awarding 45% of a $7.3 million common fund); *Beech Cinema Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195, 1199 (S.D.N.Y. 1979) (awarding 53.2% of the settlement fund below $1 million); *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d. 806, 816 (E.D. Wis. 2009) (awarding 30% of $2.1 million common fund); *Romero v. Producers Dairy Foods, Inc.*, Case No. 1:05cv0484DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (awarding one-third of a settlement fund below $1 million); *Faircloth v. Certified Fin., Inc.*, Case No. Civ.A. 99-3097 2001 WL 527489, at *12 (E.D. La. May 16, 2001) (awarding 35% of $1.53 million fund).

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### 1. Class Counsel Obtained an Outstanding Result for the Class.

The Supreme Court recognizes that the result achieved is a major factor to be considered in making a fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[T]he most critical factor is the degree of success obtained.") This District Court has also held that "'[e]xceptional results are a relevant circumstance to consider when determining a reasonable fee." *In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1207 (W.D. Wash. 2004) (quoting *Vizcaino*, 290 F.3d at 1048). Pursuing a case in the absence of supporting precedent lends support to the notion that counsel has achieved an excellent result for the class. *See Vizcaino*, 290 F.3d at 1048. Here, the Settlement was by all means an outstanding result for the class. Starbucks is funding the settlement with 100% of the amount of the reasonably calculable overcharge. *See* Mot. for Prelim. Approval, ECF No. 54 at 15-16. Despite the challenges of asserting an overcharge case under multiple state law schemes and with varying methods of purchase, Class Counsel achieved a result that captures approximately 100% of the calculable overcharge. In addition, another great challenge in this case was fashioning relief in such a way that the Class recovery was not gutted by administrative costs. Most of the overages were small and typical costs of administration could have wiped-out the recovery. Novel methods and procedures for notice, and claim funding were hammered out during lengthy arms-length negotiations that sought to maximize class compensation.

### 2. The Prosecution of this Lawsuit was Risky Because It Involved Novel and Difficult Issues.

The Ninth Circuit recognizes that risk as well as novelty and difficulty of issues presented are important factors in determining a fee award. *See Vizcaino*, 290 F.3d at 1048; *see also WPPSS*, 19 F.3d at 1302 (acknowledging that the case was "fraught with risk and recovery was far from certain" in vacating an award and remanding to district court to increase attorneys' fees). A fee award above the 25% benchmark is particularly justified where a case presents complex issues and risks. *See In re Pacific Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (holding that a 33% award for fees was justified because of the complexity of the issues and the risks). In fact, the Ninth Circuit recognizes

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

that it is an abuse of discretion ***not*** to consider the risks associated with a case when determining the appropriateness of a fee award.  *See Fischel v. Equitable Assur. Soc'y of United States*, 307 F.3d 997, 1008 (9th Cir. 2002).  And that risk includes bringing relatively small aggregate damages cases.

Here, substantial risks and uncertainties in this litigation made it far from certain that any recovery would ultimately be obtained or be obtained efficiently.  At the time Class Counsel began investigating the matter (*i.e.,* November 2011), it was highly uncertain for what time period and at what volume of purchases the overages occurred.  Novel issues included whether and how efficient class-wide recovery could be sought on a nationwide basis.  Although once sued, Starbucks engaged in dispute resolution talks, that defense approach was unknown when the investigative work was undertaken by Class Counsel.  Indeed, even before filing the first complaint in the Commonwealth of Massachusetts, Class Counsel was required to draft and serve a demand pursuant to Massachusetts General Law ("M.G.L.") Chapter 93A, § 9 upon Mr. Howard Schultz, Starbucks' President.  Moreover, on January 9, 2012, Class Counsel requested, pursuant to the Massachusetts Public Records Laws, M.G.L. Chapter 4 § 7, clause 26, and M.G.L. Chapter 66, § 10, a copy of the Massachusetts Office of Consumer Affairs and Business Regulation's ("MOCABR") file pertaining to its investigation into Starbucks' undisclosed surcharge for scooped coffee beans.  These actions involved significant time and were done well before Starbucks even hinted at a potential resolution of the litigation.  *See* Decl. of Jason M. Leviton in Supp. of Lead Counsel's Mot. for Award of Attorneys' Fees and Costs submitted herewith, ¶ 4 (the "Leviton Declaration").  Even then, however, strenuous negotiations <u>enhanced</u> what it was that Starbucks was offering.

### 3. **The Litigation Required Significant Skill and Effort to Properly Perform the Required Legal Services.**

Class Counsel exerted time and effort in the prosecution of this action, which required the work of highly-skilled and specialized attorneys with significant experience in class action litigation. As set forth in the Leviton Declaration, Block & Leviton expended 317.50 hours for a total lodestar

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

of $197,622.50 in prosecuting this litigation. *Id.* ¶¶ 5-8. Per its earlier representation to the Court, Block & Leviton then reduced its hourly rates so that they were consistent with this Court's Order in *In re Washington Mutual, Inc. Securities Litigation*, Docket No. 910, Case No. 08-md-1919 MLP (W.D. Wash. Nov. 4, 2011). Based on these discounted hourly rates, Block & Leviton's lodestar to date is $151,672.50. Block & Leviton is a highly skilled class action firm with significant experience litigating complex class action cases. *See* Leviton Decl., Ex. I (Block & Leviton's Firm Resume). The attorneys at Block & Leviton have more than fifty years combined litigation and trial experience. Senior Partner and co-founder Jeff Block's legal career spans 25 years and he is one of the nation's preeminent class action attorneys. Mr. Block is a frequent lecturer and panelist on class action matters, including, among others, an ALI-ABA Conference on Financial Service Industry Litigation and an International Law Seminar at the Harvard Club on damages in securities litigation. Senior Partner and co-founder Jason M. Leviton – who is admitted to practice in this Court – has extensive experience in class actions and is a frequent commentator and author on issues relating to the federal securities laws and corporate governance issues. For example, he has been a recurring guest on Rights Radio, including the program entitled "Protecting Shareholder Rights through Civil Prosecutorial Litigation." *See Id.* at 6.

Similarly, as set forth in the Declaration of Thomas Urmy in Support of Lead Counsel's Motion for Award of Attorneys' Fees and Costs (the "Urmy Decl."), Shapiro Haber & Urmy expended 488 hours for a total lodestar of $256,113.00 in prosecuting this litigation. Urmy Decl. ¶ 15. After Shapiro Haber & Urmy's hourly rates were modified consistent with the Court's Order in *In re Washington Mutual, Inc. Securities Litigation*, the firm's lodestar to date is $159,607.50. Shapiro Haber's attorneys uniformly possess exceptional credentials, including five partners and two associates identified as Massachusetts "Super Lawyers" or "Rising Stars." The firm has recovered well over $1 billion in losses representing a range of clients in class action and derivative litigation. The firm has successfully litigated numerous high-profile cases, including,

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

for example, cases involving: financial fraud at HealthSouth and securities violations involving Merrill-Lynch. The Shapiro Haber team in this matter was led by Shapiro Haber partners Thomas V. Urmy, Jr. and Charles E. Tompkins. *See* Urmy Decl., Ex. 1 (Shapiro Haber Urmy Firm Resume).

Attorneys with Shepard, Finkleman, Miller & Shah LLP also assisted the Shapiro Haber team. This effort was led by Natalie Finkelman and James Shah. They assisted in particular in researching avenues for relief under California law. *See* Decl. of James C. Shah in Support of Reimbursement of Attorneys' Fees and Expenses (the "Shah Decl."), filed herewith. Their lodestar fee is $23,635.50. *Id.* at ¶¶ 5-6.

As set forth in the Declaration of John Tondini in Support of Counsel's Motion for Award of Attorneys' Fees and Costs (the "Tondini Decl."), Byrnes Keller Cromwell LLP expended 74.6 hours as Liaison Counsel for a total lodestar of $30,150.00 in prosecuting this action and acting as liaison counsel. Tondini Decl. at ¶¶ 5-6. Byrnes Keller Cromwell LLP has extensive experience in complex litigation, including consumer protection and securities class actions, in this District and throughout the Pacific Northwest. Mr. Keller is a Fellow of the American College of Trial Lawyers, the International Academy of Trial Lawyers, the International Society of Barristers, and the American Board of Trial Advocates. John Tondini, also a partner in the firm, has over twenty years of experience in complex cases in Washington courts and in the Western District of Washington. Mr. Tondini served two terms as the Chair of the Washington State Bar Association's Antitrust, Consumer Protection and Unfair Business Practices Section. *See* Tondini Decl., Ex. B (Byrnes Keller Cromwell Firm Resume).

Following the public announcement of a state investigation, Class Counsel began their own investigation into the circumstances surrounding the upcharge and determined that the charge was a violation of numerous statutory and common law principles. This investigation included interviews with numerous individuals subject to the surcharge and, critically, a public records request to the Commonwealth of Massachusetts, which request saved tens of thousands

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

in discovery attorneys' fees alone. This public records request afforded Block & Leviton and Shapiro Haber significant additional information supporting their clients' claims, including the fact that even the receipt provided by Starbucks following the purchase of repackaged coffee beans did not indicate that a surcharge had been added. Following this investigation, and the fulfillment of all statutory pre-filing requirements in California and Massachusetts, Block & Leviton and Shapiro Haber sought assistance for this litigation with the preeminent Seattle boutique law firm, Byrnes Keller Cromwell LLP. The three firms then filed a class action in this Court on behalf of Jonah Cannon (a Washington State resident), James Kaen (a State of California resident), and Rachel Wassel (a Commonwealth of Massachusetts resident).

Pursuant to the litigation plan presented to the Court, the parties undertook simultaneous preparation for trial of the matter and earnest settlement discussions. While Starbucks was willing to put the matter to rest and refund charges, the scope of the Class, the determination of charges, and mechanisms of identifying the Class and creating efficient compensation vehicles were significant issues. Although perhaps unglamorous, creative thought regarding cost-effective ways to achieve a high return to the Class was a time-consuming effort in this case.

### 4. Class Counsel Carried the Financial Burden in Pursuing this Litigation by Pursuing this Case on a Contingency Fee Basis.

"Attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose." *Vizcaino*, 290 F.3d at 1051. Thus, whether class counsel take a case on a contingency fee basis is a factor in determining the appropriateness of a fee award. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993). "Contingent fees [are] . . . a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless [of] whether they win or lose." *WPPSS*, 19 F.3d at 1299 (citation omitted).

Here, Class Counsel undertook this litigation on a purely contingent basis, with no assurance of recovering attorneys' fees or reimbursement of costs. Although there was no guarantee in

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

recovery, and despite the complex and novel issues of law and fact involved, Counsel undertook to represent consumers who on an individual basis would have literally almost no economic incentive to sue. Important consumer rights are vindicated in cases like this <u>only</u> because a few consumers and a few lawyers are willing to devote their time to pursuing such cases. "Private attorney-general" type actions should be encouraged with a reasonable fee award and especially so in cases where damages even in the aggregate are not significant. Policing consumer fairness loses momentum if cases are not brought. Fairly compensating counsel is vital.

The quality of opposing counsel is also important in evaluating the quality of work performed by Class Counsel. *See*, *e.g.*, *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) ("[P]laintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly."). Here, Plaintiffs were opposed in this litigation by Perkins Coie, a highly respected firm in this community with a group of veteran litigators specializing in the defense of clients involved in complex commercial disputes, such as the class action brought by Plaintiffs here. Additionally, Class Counsel's commitment of time and resources to the instant class action litigation required counsel to forego significant other work. *See Vizcaino*, 290 F.3d at 1050 (recognizing that these burdens are relevant circumstances in determining the appropriateness of a fee award).

As a result, Class Counsel have advanced a substantial amount of time and labor on behalf of the Class that required significant skill by experienced class action attorneys against a respectable opponent, thereby justifying Class Counsel's reasonable fee request. Class Counsel have also only submitted a fee request for work performed in this case up until February 28, 2013, and therefore the request has <u>not</u> included the time and work involved in preparing the instant motion. There remains the final approval motion, and all other related briefings. Class Counsel will also be responsible for continuing to monitor the Settlement and the disbursement of Settlement proceeds once the Court fully approves the Settlement. Accordingly, this factor supports Class Counsel's request for fees.

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### 5. The Fees Requested Are in the Range of Awards in Similar Cases and No Specific Objection to a Fee of 25% Has Been Raised.

As established in footnote one above, courts often award fees in the 30-50% range for settlements below $10 million. The likelihood that a court will award a higher percentage of attorneys' fees is even higher where the settlement is well below $10 million as is the case here. Overall, "[e]mpircal studies show that regardless [of] whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." 4 William B. Rubenstein, Alba Conte and Herbert B. Newberg, *Newberg on Class Actions* § 14.6 (4th ed. 2007); *see also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (citing affidavit of law professor who compiled 289 settlements ranging from $1 million to $50 million to determine that average percentage is 31.71% and median is one-third).

So far, only 13 opt-out requests have been received. Because the Class Notice and Preliminary Approval pleadings were available to the Class, each Class Member was provided reasonable notice weeks ago that a fee award of up to 25% would be sought. Of the 13 opt-outs only <u>one</u> even mentions in an entirely generic way a fee award to the attorneys. *See* Tondini Decl. Ex. C, Opt-Out Email of 1/18/2013 (Email Address Redacted). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

### B. A Cross-Check of Class Counsel's Fee Request Using the Lodestar Method Supports an Award of One-Third of the Settlement Amount.

The Ninth Circuit recognizes that applying the lodestar method as a cross-check method "provides a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050; *see also Shaffer v. Cont'l Cas. Co.*, 362 F. App'x. 627, 631 (9th Cir. 2010) (affirming district court's decision to use the lodestar method to cross-check the percentage method). Moreover, this District Court recognizes that a "modest 1.82 multiplier requested by [counsel] falls well within the range of

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

multipliers approved by Ninth Circuit courts." *Pelletz*, 592 F. Supp. 2d at 1328 (citing *Vizcaino*, 290 F.3d at 1052-54). In fact, the Ninth Circuit acknowledges that most multipliers range from 1.0 to 4.0. *Id.*

This Court has approved fee requests from firms with similar and higher hourly rates to the rates charged by Class Counsel here. *See Zaldivar v. T-Mobile USA, Inc.*, No. C07-1695-RAJ (W.D. Wash.) (Dkt. Nos. 188-189) (approving attorneys' hourly rate of $225 to $650); *In re Northwest Biotherapeutics Inc. Sec. Litig.*, No. C07-1254-RAJ (W.D. Wash.) (Dkt. No. 79) (same). This District Court has likewise found that an hourly rate of $305 to $800 is reasonable. *See Pelletz*, 592 F. Supp. 2d at 1326-27. Class Counsel here have applied a maximum rate of $525 (based upon Seattle counsel Byrnes Keller Cromwell LLP rates) even though for out-of-state counsel this rate is well below their customary rate. The total "Seattle" lodestar here is $365,065.50

In this case, Class Counsel is requesting a fee award that represents only 1.19 of its lodestar. The settlement was for $1,733,025, 25% is $433,256.25. In *Vizcaino*, 290 F.3d at 1051, n.6 the court took note that a survey of class action settlements nationwide showed 54% of lodestar multipliers fell within the 1.5 to 3.0 range, and that 83% of multipliers fell within the 1.0 to 4.0 range. As a result, the fee requested by Class Counsel is reasonably in light of the range of multipliers commonly approved by district courts within the Ninth Circuit.

**C.      Class Counsel's Request for Reimbursement of Costs Is Fair and Reasonable.**

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970)). The requested costs must be relevant to the litigation and reasonable in amount. *In re Media Vision*, 913 F. Supp. at 1366. Courts allow recovery of "out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

The categories of expenses for which Class Counsel seek reimbursement are the type of

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

expenses routinely charged to hourly clients and, therefore, should be reimbursed here. These costs included: (1) travel; (2) telephone and facsimile charges; (3) postage; (4) messenger service charges; (5) commercial and internal copies; (6) costs charged by experts; (7) court fees; (8) court reporters and transcripts; and (9) computer research. *See* Leviton Decl., Ex. H; Urmy Decl., ¶ 16, Shah Decl. ¶ 8; Tondini Decl., Ex. A. Class Counsel advanced these out-of-pocket costs without assurance that they would ever be repaid. The expenses incurred were necessary to secure the resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, and mediation expenses are relevant and necessary expenses in a class action litigation). *See In re Media Vision*, 913 F. Supp at 1371 ("Given the complexity of the issues, this Court does not doubt that computerized research played an essential role in the litigation at hand."). To date, these expenses total $8,878.61.

Class Counsel also seek reimbursement of limited future costs they expect to incur in distributing the funds of the settlement. *See Brailsford v. Jackson Hewitt Inc.*, Case No. C06-00700CW, 2007 WL 1302978, at *5 (N.D. Cal. May 3, 2007) (approving plaintiffs' counsel's request for future expenses in finally approving settlement). As laid out in the parties' preliminary approval motion and the Settlement Notice, the Class was notified of these costs up to a maximum of $12,000. Thus, Class Counsel respectfully requests that the Court reimburse all costs advanced by Class Counsel in order to successfully prosecute this litigation ($8,878.61) with the balance (up to $12,000) reserved for future expenses.

### III. CONCLUSION

The Class is benefitting from a novel program of overcharge refunds in the best economical fashion that returns as much as reasonably possible to the Class. Counsel should be encouraged to bring private class actions for what individually would be utterly uneconomical claims. An award of 25% is reasonable.

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 5th day of March, 2013.

BYRNES KELLER CROMWELL LLP


By: /s/ John A. Tondini
    John A. Tondini, WSBA #19092
    **Byrnes Keller Cromwell LLP**
    1000 Second Avenue, 38th Floor
    Seattle, WA 98104
    Telephone: 206.622.2000
    Facsimile: 206.622.2522
    Email: jtondini@byrneskeller.com
    *Co-Lead and Liaison Counsel for Plaintiffs*

    Jason M. Leviton, WSBA #34106
    Jeffrey C. Block, *pro hac vice*
    Scott A. Mays, *pro hac vice*
    **Block & Leviton LLP**
    155 Federal Street, Suite 1303
    Boston, MA 02110
    Telephone: 617.398.5600
    Facsimile: 617.507.6020
    Email: jason@blockesq.com
           jeff@blockesq.com
           scott@blockesq.com
    *Co-Lead and Liaison Counsel for Plaintiffs*

    Thomas E. Urmy, Jr.
    **Shapiro Haber & Urmy LLP**
    53 State Street
    Boston, MA 02109
    Telephone: 617.439.3939
    Facsimile: 617.439.0134
    Email: turmy@shulaw.com
    *Co-Lead and Liaison Counsel for Plaintiffs*

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS'
FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on the 5th day of March, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ John A. Tondini
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
jtondini@byrneskeller.com

LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS (MASTER CASE NO. C11-1985MJP) - 14

Byrnes ♦ Keller ♦ Cromwell LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000