The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE STARBUCKS CONSUMER LITIGATION | MASTER CASE NO. C11-1985MJP<br><br>FINAL ORDER AND JUDGMENT |

Plaintiffs Jonah Cannon, James Kaen and Rachael Wassel and Defendant Starbucks Corporation have submitted their Settlement Agreement seeking to settle this class action, subject to court approval. On December 17, 2012, the Court granted preliminary approval of the settlement, conditionally certified a settlement Class, and authorized a Notice Plan pursuant to which notice of the Settlement Agreement would be given by Starbucks to the members of the settlement Class.

In accordance with the terms of the Court's Preliminary Approval Order and the Notice Plan discussed in that order, notice was given of the terms of the Settlement Agreement and an opportunity to object to or opt out of the Settlement Agreement. To date, no Class Member(s) have objected to the Settlement Agreement, and fifteen people have timely opted out of the Settlement Agreement.

Having considered the Settlement Agreement, the papers submitted by the parties in connection with preliminary approval and final approval of the Settlement Agreement, and the

FINAL ORDER AND JUDGMENT (MASTER CASE NO. C11-1985MJP) - 1

arguments of counsel at the Fairness Hearing held on May 24, 2013, the Court hereby grants final approval of the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) and enters judgment accordingly.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Fairness Hearing, which are adopted and incorporated herein by reference, the Court finds that the Settlement Agreement should be approved pursuant to Fed. R. Civ. P. 23(e). For purposes of this Final Order and Judgment, the Court adopts the definitions set forth in the Settlement Agreement and capitalized terms in this order have the meanings assigned to them in the Settlement Agreement.

2. For purposes of settlement and final approval of the Settlement Agreement, the Court hereby makes final the earlier provisional certification of the settlement Class defined as: "All persons who between December 9, 2007 and November 7, 2011 made a purchase from any company-owned Starbucks store in the United States of scooped (i.e., not prepackaged) coffee beans in an amount less than one pound, other than half-pound purchases during January to March 2008 of types of coffee that had half-pound prices posted on menu boards during that time. Excluded from the Class are the following: (1) Starbucks Corporation and any entity in which Starbucks Corporation has a controlling interest and their respective legal representatives, officers, directors, assigns, and successors; and (2) the judges to whom the Actions are assigned and any member of the judges' staff and immediate family."

3. The Court finds that the Notice Plan fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object to or opt out of the settlement. The Notice Plan was the best notice practicable under the circumstances, provided valid, due and sufficient notice to all Class Members and complied fully with the Federal Rules of Civil Procedure, due process and other applicable law. A full opportunity has been provided to all such persons to participate in the Fairness Hearing.

FINAL ORDER AND JUDGMENT (MASTER CASE NO. C11-1985MJP) - 2

4. The Court has reviewed the Settlement Agreement and finds that it is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to liability and damages and the difficulty and delays inherent in such litigation. The Court finds that extensive informal discovery and research have been conducted such that counsel for all parties are able reasonably to evaluate their respective positions. The court finds that the Settlement Agreement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

5. Pursuant to their timely opt-out requests, the persons identified in Exhibit A of the Declaration of Jason M. Leviton in Support of Plaintiffs' Motion for an Order Granting Final Approval of Class Action Settlement are hereby excluded from this Settlement Agreement and are free, if they choose, to pursue any claims they may have against Starbucks and are not bound by the terms of this Order or the Settlement Agreement.

6. The Court hereby grants final approval to the Settlement Agreement and finds it fair, reasonable and adequate, and in the best interests of the Class. Accordingly, the Court hereby directs that the Settlement Agreement be effected in accordance with the Settlement Agreement and the following terms and conditions.

7. The Court awards to Class Counsel attorneys' fees in the amount of $433,256.25, constituting 25% of the total Common Fund, plus costs of $12,000, for all past and remaining work until completion of this matter. Such awards, which are to be paid out of the Common Fund, are made and shall be paid in accordance with the terms of the Settlement Agreement and are fair and reasonable under the circumstances. In ordering this award of attorneys' fees and costs, the Court has considered the following factors: (a) the contingent nature of this action; (b) the experience, reputation, and ability of Class Counsel and the skill they displayed in this litigation; (c) the amount of time expended by counsel; (d) the results achieved under the Settlement Agreement; and (e) the preclusion of other employment.

8. The Court awards $5,350.00 to Starbucks for expenses incurred by Starbucks in

mailing notices to Class Members who are My Starbucks Rewards Members as described in the Final Approval Motion and $182,008 in external costs incurred by Starbucks for online banner and search advertisements implementing the Notice Plan.

9. The Court awards payment to the Class Action Administrator for its work in administering the claims process under the Settlement Agreement. The amount will be determined after the total number of claims is known but will not exceed $49,000 plus $2,500 for its expenses in designing and hosting the online claim form.

10. The funds remaining in the Common Fund after the foregoing payments are made shall be distributed in accordance with the terms of the Settlement Agreement. Any surplus funds remaining in the Common Fund shall be paid as a *cy pres* award to the National Consumer Law Center in Boston, Massachusetts in accordance with the terms of the Settlement Agreement – *i.e.*, as soon as practicable after the other payments described in the Settlement Agreement have been made.

11. Within thirty (30) days after payment in full of all amounts awarded in the Settlement Agreement and this Final Order and Judgment, the Class Action Administrator shall provide to Class Counsel a certification that it has complied fully with its obligations hereunder. Class Counsel then shall forthwith file said certification with the Court.

12. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the Parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms and the orders of this Court for the mutual benefit of the Parties. Having found that said Settlement Agreement is fair and reasonable, the Court, in the interest of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and thereby decrees that, upon entry, it be deemed a final judgment finally dismissing the Action subject to its terms.

FINAL ORDER AND JUDGMENT (MASTER CASE NO. C11-1985MJP) - 4

1
2       Dated this 24th day of May, 2013.
3
4                                                       _____
                                                        Marsha J. Pechman
5                                                       United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

FINAL ORDER AND JUDGMENT (MASTER CASE NO. C11-1985MJP) - 5